IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02275-ZLW

KEITH LEROY STEELE,

    Petitioner,

v.

ARISTEDES ZAVARAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 07 2008

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

Petitioner Keith Leroy Steele has filed *pro se* on January 29, 2008, a letter to the Court in which he asks the Court to reinstate the instant action. The Court's Order of Dismissal and the Judgment were filed in this action on December 10, 2007. The Court must construe the request to reinstate this action liberally because Mr. Steele is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the request will be construed liberally as a motion to reconsider. For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final

judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Steele's motion to reconsider, which was filed more than ten days after the Court's Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Steele failed to cure the deficiencies. More specifically, Mr. Steele failed to file an application for a writ of habeas corpus on the proper form. Mr. Steele was advised by an order filed on October 26, 2007, that the form he used to file his original habeas corpus application was not the Court's current form. Mr. Steele alleges in the motion to reconsider that the form he used to file his original habeas corpus application was downloaded from the website of the United States Supreme Court. He further alleges that the form this Court provided to him with the October 26 order to cure the deficiencies was not a habeas corpus form. Finally, Mr. Steele asks the Court to provide him with the proper form to file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Steele fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. The certificate of mailing attached to the October 26 order directing Mr. Steele to cure the deficiencies in this action indicates that the proper form was mailed to Mr. Steele. Furthermore, even if the proper form was not mailed to Mr. Steele as indicated, he fails

to explain why he did not advise the Court in a timely manner that he received the wrong form and request the correct form in order to cure the deficiencies. Mr. Steele's belated efforts to correct a mistake, assuming a mistake occurred, do not justify a decision to vacate the order of dismissal. Therefore, the motion to reconsider will be denied. However, Mr. Steele is reminded that, because the Court dismissed the instant action without prejudice, he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the request to reinstate this action filed on January 29, 2008, which the Court has construed as a motion to reconsider, is denied. It is

FURTHER ORDERED that the clerk of the Court mail to Petitioner, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

DATED at Denver, Colorado, this 7 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02275-BNB

Keith L. Steele
Prisoner No. 113989
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 2/7/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk